

# United States Bankruptcy Court
# for the District of Oregon

**Albert E. Radcliffe, Judge**  405 East Eighth Avenue, Suite 2600  (541) 431-4050
Virginia H. Denney, Judicial Assistant  Eugene, Oregon 97401  FAX: (541) 431-4047
Howard J. Newman, Law Clerk

March 27, 2007

Tracy D. Trunnell
Trunnell & Associates P.C.
POB 627
Cottage Grove, OR 97424

Richard A. Mario
Attorney at Law
3 Centerpointe Dr #250
Lake Oswego, OR 97035

Re: Trunnell v. Brookshire et. al.; Adv. 06-6229-aer
    Defendants' Motion for Summary Judgment

Counsel:

This adversary was filed on June 20, 2006 by the Chapter 7 Trustee to avoid the transfer of a 1999 Ford Truck (**the truck**). Defendants have moved for summary judgment, supported by three (3) affidavits (Debtor, Defendant Brookshire and Nels Peterson), exhibits attached thereto, a memorandum and a concise statement. Plaintiff has not responded to the motion. The motion is ripe for decision.

Facts:

From the evidentiary materials in support of the motion the facts are as follows:

On March 17, 2004, Debtor had an initial consultation with Defendant Dennis Brookshire, an attorney and employee with the law firm of Defendant Buckley LeChevallier (BLEC).

On April 30, 2004, Debtor retained BLEC to render legal services on his behalf, and signed a retainer agreement.

At some point on or after April 30, 2004, BLEC applied to the Oregon Department of Motor Vehicles requesting that it be noted as a security interest holder on the truck's title. The

application was processed, and a new title was issued on May 27, 2004, noting BLEC as a security interest holder.

On June 21, 2004, Debtor filed his Chapter 7 petition, through BLEC.

On December 1, 2005, Debtor paid his outstanding account with BLEC in full.[1] On that same date, BLEC executed a release of its security interest on the truck's title. Debtor received the title with the release on December 2, 2005.[2]

Summary Judgment Standards:

On a motion for summary judgment, the moving party has the burden to establish the absence of a material issue of fact for trial. FRCP 56(c). The substantive law governing a claim or defense determines whether a fact is material. T.W. Elec. Service., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). Material facts are such facts as may affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L. Ed. 2d 202, __(1986).

With regard to a motion for summary judgment attacking the opposing party's claims or defenses (i.e. those for which the nonmovant has the burden of proof at trial), the movant may discharge his Rule 56 burden by submitting evidence affirmatively negating elements of the nonmoving parties' claims or defenses. Celotex Corporation v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 2557, 91 L. Ed. 265 (1986)(Brennan, J)(dissent). Once the moving party has met its burden of production, the burden shifts to the nonmoving party to produce evidence sufficient to sustain a jury verdict on those issues for which it bears the burden at trial. Rebel Oil Co., Inc. v. Atlantic Richfield Co., 51 F.3d 1421, 1435 (9th Cir. 1995) (quoting Celotex). This requires the nonmoving party to produce significant probative evidence. Anderson, supra at 249, 106 S. Ct. at 2510 (a dispute with regard to a material fact is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party). A party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial. FRCP 56(e);[3] Anderson supra, at 256, 106 S.Ct. at 2514.

All inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. Simone v. Manning, 930 F. Supp. 1434 (D. Or. 1996). When different ultimate inferences can be reached summary judgment is not appropriate. Id.

---

[1] The date of payment is listed as December 1, 2004 in all three affidavits. I have construed this as a typographical error, as the date of release of lien, which would logically flow from payment in full, is also incorrectly listed as December 1, 2004 in both Brookshire's and Debtor's affidavits. The copy of the title evidencing the release (see Ex. C to Brookshire's affidavit) clearly indicates the release was on December 1, 2005. In any case, I don't believe the date Debtor paid his account is relevant.

[2] Brookshire and Debtor's affidavits note the date of receipt as December 2, 2004. This again appears to be a typographical error, as the Fed-Ex shipping tracking statement, attached as Ex. D to Brookshire's affidavit, indicates Debtor received the title on December 2, 2005.

[3] FRCP 56(e) is made applicable by FRBP 7056.

Discussion:

Brookshire:

Summary judgment will be granted in favor of Defendant Brookshire. Both his and Peterson's (BLEC's administrator) affidavits indicate Brookshire was at all relevant times BLEC's employee, who did not personally receive any transfer of the truck. Plaintiff has adduced no countervailing evidence.

BLEC:

Claim #1-Preference:

Claim #1 is based on an alleged preferential transfer of the truck. A threshold issue is whether the truck was transferred outright or only as security. All three affidavits state that only a security interest was transferred. Plaintiff has adduced no countervailing evidence. I conclude there is no issue of material fact, and that only a security interest in the truck was transferred.[4]

All three affidavits state the transfer of the security interest was to secure future fees, not antecedent debt. Plaintiff has adduced no countervailing evidence. As such, I conclude there is no genuine issue of material fact, and that the transfer was not for or on account of an antecedent

---

[4] Even were I to take judicial notice of main case documents under FRE 201(c), they do not create an issue of fact on this point. Although Debtor did not list the truck on his Schedule B, he exempted it on Schedule C. On Schedule D, he listed BLEC as secured in the truck. The date the claim was incurred is listed as May 10, 2004 for "Bankruptcy Legal Services." The truck is valued at $6,000. The amount of the claim is listed as "up to value of collateral." Debtor's statement of financial affairs (SOFA) #9 lists $1,500 paid to BLEC on May 10, 2004, for debt counseling or bankruptcy. It also lists "$6,000-truck" transferred to BLEC on May 10, 2004, for debt counseling or bankruptcy. BLEC's attorney disclosure statement indicates the firm received $1,500 prior to the filing. I construe the Schedules/SOFA as one unit. Claiming the truck as exempt indicates Debtor still claimed an ownership interest in it. Further, Schedule D indicates only a security interest was given.

debt.[5] Therefore, 11 U.S.C. § 547(b)(2)[6] has not been met,[7] and summary judgment in Defendant BLEC's favor will be entered on Claim #1.

Claim #2-Fraudulent Transfer

Although denominating the claim as one under § 550, the underlying theory of Claim #2 is § 548, seeking to avoid the truck's transfer as actually and/or constructively fraudulent. As to actual fraud (§ 548(a)(1)(A)),[8] Debtor's affidavit specifically denies intent to hinder, delay or defraud, explaining the purpose of the grant of the security interest was to secure future fees. The other affidavits support this. Although questions of intent are usually inappropriate for disposition on summary judgment, Fantasy, Inc. v. Fogerty, 984 F.2d 1524 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994), this does not mean that such questions must be left to the trier of fact when the nonmoving party presents no evidence to support her claim. Id. Plaintiff has presented no countervailing evidence of actual intent to hinder, delay or defraud, and there is not "significant probative evidence," Anderson, supra at 249, 106 S. Ct. at 2510, in

---

[5]Again, even if I were to take judicial notice of main case documents, no issue of fact on the antecedent debt issue would be created. SOFA #9 is silent as to whether the "$6,000-truck" transfer was on account of antecedent debt. It does indicate that $1,500 in cash was actually paid toward fees as of May 10, 2004, (remembering that the engagement was a mere ten (10) days earlier). Schedule D refers to the date of secured claim as "May 10, 2004," and the amount of the claim as "up to value of collateral."

[6] All subsequent references are to Title 11 of the United States Code.

[7] Section 547(b)(2) is one of the *prima facie* elements of a preference claim. It provided, as of the date Debtor's main case was filed (June 21, 2004), as follows:

> Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property--
>
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made.

[8] Section 548(a)(1)(A), in effect on the date Debtor's main case was filed, provided in pertinent part:

> The trustee may avoid any transfer . . . of an interest of the debtor in property . . . that was made . . . on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily--
>
> (A) made such transfer . . . with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made . . . , indebted.

the record to raise a genuine issue of fact on this issue. Summary judgment is thus appropriate in favor of Defendants on the "actual fraud" count of Claim #2.

As to constructive fraud, all three affidavits state Debtor received reasonably equivalent value in the form of the promise of future legal services on credit.(§ 548(a)(1)(B)),[9] These statements are corroborated, as it is uncontradicted that services on credit were actually performed and Debtor subsequently paid the account in full. Again, Plaintiff has adduced no countervailing evidence  As such, there is no genuine issue of material fact, and Defendants are entitled to summary judgment in their favor on the "constructive fraud" count of Claim #2.

---

[9] Receipt of "less than reasonably equivalent value" is a *prima facie* element of a "constructive fraud" claim. Section 548(a)(1)(B) in effect on the date Debtor's main case was filed, provided in pertinent part:

> The trustee may avoid any transfer . . . of an interest of the debtor in property . . . that was made . . . on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily--
>
>> (B)(i) received less than a reasonably equivalent value in exchange for such transfer . . . ; and
>>
>>> (ii)(I) was insolvent on the date that such transfer was made . . . , or became insolvent as a result of such transfer . . . ;
>>>
>>> (II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; or
>>>
>>> (III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured.

The above constitute my findings of fact and conclusions of law under FRBP 7052; they shall not be separately stated. An order and judgment consistent herewith will be entered.

Very truly yours,

*albert E. Radcliffe*

ALBERT E. RADCLIFFE
Bankruptcy Judge

AER: jrp